UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**CIVIL ACTION NO. 5:25-CV-00011-JHM**

**REGINALD L. GRIDER**                                                                                    **PLAINTIFF**

**v.**

**KIMBERLY ANDERSON,** *et al.*                                                    **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is before the Court for screening of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will allow some claims to proceed and dismiss some claims.

**I.**

At the time of the alleged conduct, Plaintiff Reginald L. Grider was incarcerated as a convicted prisoner at the Kentucky State Penitentiary ("KSP"). Plaintiff sues the following Defendants in their individual capacities: KSP Lieutenant Kimberly Anderson, KSP Captain Shane Spurlock, and KSP Sergeant Delvin Nielsen.

Plaintiff alleges that on January 18, 2024, Plaintiff stopped a correctional officer and informed him of his need to consult with mental health staff. The correctional officer notified Defendant Anderson who removed Plaintiff from his cell, had him strip searched, and placed him on suicide watch. Plaintiff maintains that Defendant Anderson "reported false claims of [Plaintiff] verbalizing having suicidal thoughts and placing him on constant watch." [*Id.* at 5]. Plaintiff alleges that upon being placed in the observation cell, he complained, requested to speak with mental health staff, requested to speak with Defendant Anderson's superior, and began to beat on the cell window with his hand. Plaintiff asserts that Defendant Anderson threatened to use force

against Plaintiff and then ordered him to surrender his suicide smock.

When Plaintiff did not voluntarily remove his suicide smock, Defendant Anderson ordered an entry team to remove the smock from Plaintiff, ultimately leaving him with only paper boxer shorts. Plaintiff alleges that during the incident, Defendant Anderson deployed "vapor spray," Defendants placed him in restraints, Defendant Nielsen forcefully drove him into the back of the cell wall, Defendants "began to assault [Plaintiff] while he was on the ground still in mechanical restraints," and Defendant Spurlock tazed Plaintiff at least twice while others kicked and hit him. [*Id.* at 8]. Plaintiff further alleges that before being placed in the restraint chair, Defendants tazed him repeatedly.

As a result of this alleged conduct, Plaintiff asserts the following claims: a Fourteenth Amendment procedural due process claim against Defendant Anderson for involuntarily placing him on suicide watch without a hearing; Fourteenth Amendment substantive due process claims against Defendants Anderson and Spurlock for activating the entry team to remove Plaintiff's suicide smock; and Eighth Amendment excessive force claims against all three Defendants.

As relief, Plaintiff seeks compensatory and punitive damages and costs.

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Fourteenth Amendment Procedural Due Process

Plaintiff alleges that Defendant Anderson violated his Fourteenth Amendment procedural due process rights by involuntarily placing him on suicide watch without a hearing. A procedural

due process claim requires a showing that (1) the plaintiff had a protected life, liberty, or property interest, (2) the plaintiff was deprived of that interest, and (3) the defendants deprived him of that protected interest without adequate procedural rights. *Thomas-El v. Smith*, No. 23-1304, 2024 WL 1023749 at *2 (6th Cir. Mar. 6, 2024) (citing *Wedgewood Ltd. P'ship I v. Township of Liberty*, 610 F.3d 340, 349 (6th Cir. 2010)). "[T]he Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement." *Id.* at *2 (quoting *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005)). "In such instances, a liberty interest arises only when an inmate is subject to an 'atypical and significant hardship . . . in relation to the ordinary incidents of prison life.'" *Id.* (quoting *Wilkinson*, 545 U.S. at 222–223). "Both the degree and duration of an inmate's confinement in segregation should be considered in order to determine whether a liberty interest exists." *Id.* (citing *Sandin v. Conner*, 515 U.S. 472, 486 (1995)).

Courts have held that placement of a convicted prisoner in segregation for a relatively short period of time does not present an "atypical and significant" hardship implicating a protected liberty interest. "We have held that confinement in administrative segregation may qualify as an 'atypical and significant hardship' where 'the prisoner's complaint alleged that he is subject to indefinite administrative segregation.'" *Thomas-El*, 2024 WL 1023749, at *2; *see also Selby v. Caruso*, 734 F.3d 554, 559 (6th Cir. 2013) (13 years of segregation implicates a liberty interest); *Harris v. Caruso*, 465 F. App'x 481, 484 (6th Cir. 2012) (eight years of segregation implicates a liberty interest); *Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008) (remanding to the district court to consider whether the plaintiff's allegedly "indefinite" period of segregation, i.e., three years without an explanation from prison officials, implicates a liberty interest); *cf. Jones v. Baker*, 155 F.3d 810, 812–13 (6th Cir. 1998) (holding that two years of segregation while inmate was investigated for murder of prison guard in riot did not implicate a liberty interest entitling him to

4

due process).

Plaintiff states that he was placed on suicide watch on January 18, 2024, and does not state when he was released or whether he has been. Nevertheless, the Court finds that the duration of Plaintiff's placement on suicide watch is not in the nature of an indefinite or years-long placement in segregation that gives rise to an "atypical and significant hardship" that would state a due process claim under Sixth Circuit case law. Therefore, this claim against Defendant Anderson will be dismissed for failure to state a claim upon which relief may be granted.

### B. Fourteenth Amendment Substantive Due Process

Plaintiff contends that Defendants Anderson and Spurlock violated his Fourteenth Amendment substantive due process rights by activating the entry team to forcibly remove his suicide smock. However, Plaintiff's allegation is that the use of the entry team to remove his suicide smock amounted to excessive force. Because Plaintiff is a convicted prisoner, this claim is governed by the Eighth Amendment. "[I]f a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." *United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997); *see also Graham v. Connor*, 490 U.S. 386, 394 (1989). Thus, the Court will dismiss Plaintiff's Fourteenth Amendment claims against Defendants Anderson and Spurlock.

### C. Eighth Amendment Excessive Force

On review, the Court <u>will allow Plaintiff's Eighth Amendment excessive force claims to continue against Defendants</u>.

## IV.

For the reasons set forth herein, and the Court being otherwise sufficiently advised, **IT IS ORDERED** that Plaintiff's Fourteenth Amendment procedural and substantive due process claims are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. The Court will allow Plaintiff's Eighth Amendment excessive force claims to continue against Defendants Kimberly Anderson, Shane Spurlock, and Delvin Nielsen.

The Court will issue a separate Service and Scheduling Order to govern the continuing claims.

Date: May 12, 2025

*[Signature]*
Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:     Plaintiffs, *pro se*
4414.014